UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEI & CHRIS LLC,<br><br>      **Plaintiff,**<br><br>      v.<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>      **Defendant.** | **Case No.: 25-cv-04194**<br><br>**Honorable Jorge L. Alonso** |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**NOW COME** the Defendants Shenzhen Jiefumei Technology Company Limited ("FORIO US"), Yongchun Zhenjin Trading Co., Ltd ("Xu Zhenjin"), Yong'an Subo Trading Co., Ltd ("Lu Qinghui"), shenzhenbaojiedeqinkejiyouxiangongsi ("SZBJDQ"), dongguanshixinhanglukejiyouxiangongsi ("Udorich Direct"), Lv Liang Shi Li Shan Mao Yi You Xian Gong Si ("LISHANMY"), juanchengjieyoushangmaozhongxin ("juanchengjieyoushangmaoxiaoshouzhongxin"), shijiazhuangshengfugongyipinyouxiangongsi ("SVRCK"), wuhantongchuangyunchengwangluoyouxiangongsi ("TCYCSHOP"), Shenzhen Liyue Technology Co., Ltd. ("moonshop1") (collectively, "**Defendants**"), by and through undersigned counsel, and respectfully move this Honorable Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In support of this Motion, Defendants state as follows:

## INTRODUCTION

This case exemplifies a recurring issue in many so-called "Schedule A" cases: without

1

demonstrating any meaningful connection between this District and the Defendants, Plaintiff filed a

lawsuit against numerous foreign e-commerce sellers. Plaintiff's strategy is transparent. The goal is

to leverage the judicial system's procedural tools to obtain injunctive relief and asset freezes while

postponing the presentation of evidence establishing personal jurisdiction until later.

Here, while Plaintiff has filed this action against 242 Defendants (as listed in Schedule A),

Plaintiff has utterly failed to show this Court's jurisdiction over them. Specifically, Plaintiff never

made a test purchase to be shipped to Illinois, placed an order within Illinois, or provided any

concrete evidence that the 242 Defendants had contact with the State of Illinois. Plaintiff knew, or

at a minimum, should have known, that these Defendants may have never sold any allegedly

infringing product in Illinois, or indeed anywhere in the United States. Nonetheless, Plaintiff

proceeded, neglecting its basic duty of due diligence and relying on a flawed "file first, justify

later" approach. This tactic not only harms foreign defendants who lack the resources to defend

themselves but also strains the resources of this Court, transforming it into a clearinghouse for

baseless claims against foreign sellers. Not surprisingly, at least for the ten moving Defendants,

sales of the accused product never occurred in the State of Illionois.

Plaintiff's claims, as they pertain to these ten Defendants, rest entirely on speculative

allegations about the hypothetical accessibility of Defendants' website in Illinois, without any

evidence of actual sales, targeted marketing, business activities, or purposeful availment of the

forum. Such allegations fall far short of establishing the requisite contacts with the forum state

necessary to satisfy either general or specific jurisdiction under established Seventh Circuit

standards. As such, this lawsuit must be dismissed as to these nine Defendants and the TRO must

be immediately dissolved.

## FACTS

On April 17, 2025, Plaintiff filed a Complaint against Defendants and numerous other entities, alleging copyright infringement.

Plaintiff claims that this Court has personal jurisdiction over Defendants because Defendants "directly target business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores" operating on platforms like Amazon, Temu, Alibaba, and Walmart. *See* Compl., ¶3.

Plaintiff further alleges, "on information and belief," that "Defendants have sold products featuring Plaintiff's copyrighted design to residents of Illinois" and that "each Defendant has sold Unauthorized Ornamental Products into the United States and Illinois over the Internet." (Complaint, ¶3, 19)

In support of Plaintiff's claims on jurisdiction, Plaintiff attached Exhibits depicting Amazon orders at the stage just before it was placed. *See* Dkt. 10.

Defendants' investigation, as detailed in Exhibit A - J, confirms that no sale or shipment of the accused product has ever been made to Illinois or any other U.S. state by these nine Defendants, nor has any order for such a product ever been placed. *See* Exhibit A – J attached to Declarations.

## LEGAL STANDARD

Under Illinois's long-arm statute, jurisdiction may be general or specific. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). For this Court to exercise general jurisdiction over Defendants, the proper inquiry is whether "the contacts through the website are so substantial that they may be considered 'systematic and continuous' for the purpose of general jurisdiction." *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016). To establish that there is specific jurisdiction over Defendants,

3

three requirements set forth by the 7th Circuit must be met (1) purposeful availment—the defendant must have purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the forum; (2) relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *B.D. by and through Myer v. Samsung SDI Co., Ltd*., 91 F.4th 856, 861 (7th Cir. 2024).

To survive a Rule 12(b)(2) motion to dismiss, Plaintiff must make a *prima facie* showing personal jurisdiction. *Matlin v. Spin Master Corp*., 921 F.3d 701, 707 (7th Cir. 2019) (holding that single online purchase by developers' attorney after sellers moved to dismiss for lack of personal jurisdiction could not support specific personal jurisdiction over sellers); *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir. 2014) (holding that the operation of an interactive website, without the defendant creating a sufficient connection with the forum state itself, does not establish minimum contact).

Before Plaintiff could be granted any rights to jurisdictional discovery, Plaintiff must have met its burden of demonstrating the existence of general personal jurisdiction, or alternatively, proved a *prima facie* showing personal jurisdiction. *Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.,* 440 F.3d 870, 876 (7th Cir. 2006). Courts may grant a defendant's motion for lack of personal jurisdiction without any evidentiary hearing when the plaintiff has not made a *prima facie* case for personal jurisdiction. *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385 (7th Cir. 2020).

## ARGUMENT

### A. Plaintiff fails to show that defendant's contact with Illinois satisfies the "purposeful availment" test.

Courts in the Seventh Circuit consistently hold that merely operating an interactive website

4

accessible in Illinois does not, by itself, constitute purposeful availment. In *Advanced Tactical Ordnance Sys., LLC*, the Seventh Circuit emphasized that "having an interactive website should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.* 751 F.3d at 803. To prove that Defendants purposefully directed its activities to Illinois requires more than merely showing that Defendants offered products for sale online. *Richter v. INSTAR Enterprises Int'l, Inc.*, 594 F.Supp.2d 1000, 1013 (N.D. Ill. 2009) (Holding that offering artwork for sale online did not establish personal jurisdiction).

This Court has applied this principle specifically in Schedule A cases. *See Rubik's Brand, Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule A.* 2021 WL 825668 at *3 (N. D. Ill. 2021). In *Rubik,* Plaintiff attached a list of Defendants in Schedule A and attached exhibits corresponding to each defendant supporting personal jurisdiction by showing screenshots that depict "an [Amazon] order—at the stage just before it is entered." *Id.* at *2. This Court ruled in *Rubik* that even if the "screenshot shows that an order ***could*** be placed by an Illinoisan, displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction." *Id.* at *3, (citing *Advanced Tactical Ordnance Sys., LLC,* 751 F.3d at 803) (Emphasis in original). The Court further opined that "the case law has been clear [in the Seventh Circuit] that more than an interactive website is needed [to prove personal jurisdiction]." *Id.* at *4, (granting motion to dismiss for lack of personal jurisdiction).

*Rubik* has been followed by numerous recent cases in this District. *See e.g.*, *Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 24 CV 3821, 2024 WL 4604532 (N.D. Ill. Oct. 29, 2024)(Granting Motion to Dismiss for Lack of Personal Jurisdiction for no-sale Defendants); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies,*

*Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942 (N.D. Ill. July 9, 2024).

In addition, Courts in this District have also repeatedly rejected the very approach Plaintiff took to show jurisdiction for all Defendants. As his honor Shah recently explained in *Akamatsu Takayoshi v. The Individuals, Corps., LLCs, Partnerships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 3531, Dkt. 72 (N.D. Ill. Feb. 24, 2025), where plaintiff likewise "does not offer evidence that it followed through on the order depicted, received a product in Illinois, or consummated a transaction only to have it later canceled by defendant," such a showing "falls short of even a *prima facie* showing of defendant's purposeful availment of Illinois." (citing [71-2] at 11–14); *See also Shenzhen Jisu Tech. Co., Ltd. v. Schedule A Defendants*, No. 24 C 5215 (N.D. Ill. Nov. 21, 2024) (granting Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction where plaintiff failed to conduct a test purchase); *Zhong v. The Partnerships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C12594, Dkt. 44 (N.D. Ill. Mar. 18, 2025) (holding that Plaintiff's failure to conduct a test purchase in this case is fatal to its jurisdictional claim).

In this case, Plaintiff's allegations fall far short. The Complaint and exhibits do not contain any screenshots of purchase records, shipping confirmations, or other documentary proof that any Defendant sold or shipped products to Illinois. Instead, Plaintiff offers only conclusory statements such as "Defendants have targeted sales to Illinois residents" and that the stores "offer shipping to the United States, including Illinois." *See* Compl. ¶¶ 3, 10, 12–13. Plaintiff alleges that Defendants' use of 1688, dropshipping, and tools like DataCaciques and MangoERP has inadvertently formed a 'connected distribution network' that collectively contributes to infringement. *See* Compl. ¶¶ 16–17. However, Plaintiff does not explain how these allegations establish specific personal jurisdiction over each of themoving Defendants. It is also questionable that whether Plaintiff has established personal jurisdiction over any of the 242 Defendants. There are no allegations, let alone evidence,

6

that the use of these platforms or tools was specifically directed at Illinois consumers or resulted in any contact with the State by these Defendants. At most, these allegations suggest a passive, generalized online presence—not the kind of purposeful, forum-directed activity required to establish personal jurisdiction under Seventh Circuit precedent. Accordingly, Plaintiff has failed to make even a *prima facie* showing of personal jurisdiction.

Plaintiff's evidence replicates the exact scenario rebutted by many Courts in this District. Like in *Rubik, Akamatsu, Zhong,* and *Shenzhen Jisu,* Plaintiff in this case attached the exact same screenshots depicting Amazon orders at the stage just before they were placed. Therefore, that alone cannot confer personal jurisdiction.

Moreover, Defendants have confirmed and provided evidence showing that none of the moving Defendants named in this motion has made any sale to Illinois. In fact, except for Defendant moonshop1 who only sold two orders to California and Utah respectively, the other 9 moving Defendants did not make a sale to anywhere in the United States. See Ex. A – J attached to the Declarations.

Because Plaintiff's allegations rely solely on the theoretical accessibility of Defendants' online storefronts, and not on any actual forum-directed conduct, this Court lacks personal jurisdiction over these Defendants. Dismissal is therefore required. *See e.g. Rubik's Brand, ltd.,* 2021 WL 825668 at *3; *Advanced Tactical Ordnance Sys., LLC,* 751 F.3d at 803; *Richter,* 564 F. Supp. 2d at 1012–13.

**WHEREFORE,** Defendants respectfully request that this Court dismiss all claims against the Moving Defendants for lack of personal jurisdiction pursuant to Rule 12(b)(2) and immediately dissolve the TRO.

Dated: May 05, 2025

Respectfully submitted,

By: *Shaoyi Che*

Shaoyi Che
Texas Bar No. 24139843
*Admitted to N.D. Ill.*
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com

**ATTORNEY FOR DEFENDANTS**

8

## **CERTIFICANT OF SERVICE**

 I hereby certify that on May 05, 2025, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Shaoyi Che*
Shaoyi Che